**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3058
_____

BENNIE ANDERSON,
Appellant

v.

PAULA PRICE, Correctional Health Care Administrator; MARY LOU SHOWALTER,
Ex-Correctional Health Care Administrator; UNKNOWN NAMED MEDICAL
DIRECTOR OF SCI HUNTINGDON; FOUR UNKNOWN NAMED DOCTORS WHO
WORKED AT SCI HUNTINGDON

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-20-cv-00356)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 1, 2023

Before:  HARDIMAN, PORTER, and FREEMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 8, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Bennie Anderson, a Pennsylvania state prisoner, alleges that prison doctors and administrators failed to treat his serious medical needs for a six-year period between 2012 and May 2018, violating his Eighth Amendment rights. The District Court correctly determined that Anderson's amended complaint failed to state a claim. So we will affirm.

I.

Anderson has been incarcerated since 1999, primarily at SCI-Huntingdon. In May 2018 he suffered a serious medical incident and was treated at an outside hospital, where he was diagnosed with congestive heart failure. ECF No. 49 at 3. His heart continued to worsen after this incident, causing him ongoing pain and weakness and eventually requiring surgery to install a pacemaker. Id. at 5.

Anderson alleges that his May 2018 heart failure resulted from prison officials' neglect of his serious medical needs for the previous six years. Id. at 3–5.[1] Anderson learned of the alleged neglect shortly after leaving the hospital, when a prison nurse gave Anderson records from two of his medical consultations from 2012. According to Anderson, the records show that prison doctors examined him in 2012, found serious

---

[1] Anderson's District Court pleadings refer to medical needs and medical care that he received before 2012. See, e.g., ECF No. 51-1 at 3. But his appeal brief focuses exclusively on the defendants' alleged failure to treat him between 2012 to May 2018. So we will limit our review to that issue. See Capogrosso v. The Supreme Ct. of New Jersey, 588 F.3d 180, 184 n.1 (3d Cir. 2009) (limiting review to the issues raised in experienced pro se litigant's brief).

medical issues—including early indications of problems with his heart—and recommended that he get a follow-up consultation as soon as possible. Id. at 3. But, he alleges, rather than arrange for a consultation or treatment, prison health care administrators let the doctors' reports sit on their desks, allowing Anderson's health to deteriorate unchecked until his heart failure in May 2018. Id. at 3–5.

After pursuing an unsuccessful prison grievance, Anderson filed his complaint in February 2020 under 42 U.S.C. § 1983, alleging that prison doctors' and administrators' six-year neglect of his health amounted to cruel and unusual punishment under the Eighth Amendment. Before the complaint was served, Anderson sought and was granted leave to file an amended complaint, which he timely did. ECF Nos. 22–23 and 25. The amended complaint named seven defendants: three prison health care administrators—Paula Price, Mary Lou Showalter, and an unnamed medical director—and four unnamed doctors. ECF No. 25. Price and Showalter moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, ECF No. 36, which Anderson opposed. ECF No. 47. The unnamed medical director moved for a more definite statement, ECF No. 44, to which Anderson responded with additional allegations and exhibits. ECF Nos. 49, 51, and 51-1. The unnamed doctors were never served and did not appear.

The District Court found that Anderson had failed to state a plausible § 1983 claim against any of the defendants. The Court granted Price and Showalter's motion to dismiss, dismissed the unnamed defendants under 28 U.S.C. § 1915(e)(2)(B)(ii),[2] and

---

[2] Because Anderson paid the filing fee, the District Court should have dismissed the case

denied all pending motions as moot. ECF No. 57. The Court did not grant Anderson leave to amend the complaint, concluding that any amendment would be futile. ECF No. 56. Anderson now appeals.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review a district court's dismissal for failure to state a claim de novo. Lutz v. Portfolio Recovery Assocs., LLC, 49 F.4th 323, 326 (3d Cir. 2022). To state a claim, the complaint and any attached exhibits must contain enough facts that, if true, state a claim to relief that is plausible on its face. Clark v. Coupe, 55 F.4th 167, 178 (3d Cir. 2022). We review a district court's denial of leave to amend for abuse of discretion. Shifflett v. Korszniak, 934 F.3d 356, 364 (3d Cir. 2019).

## III.

To state an Eighth Amendment claim redressable under § 1983, Anderson must show (1) that his medical needs were serious, and (2) that prison officials were deliberately indifferent to those needs. Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017). Like the District Court, we assume without deciding that Anderson's medical needs were serious. See ECF No. 56 at 14. So this appeal turns on whether Anderson has adequately alleged deliberate indifference to those needs.

---

under 28 U.S.C. § 1915A rather than § 1915(e)(2). But the error was harmless, as the standard for and consequences of dismissal are the same under both statutes. See Shorter v. United States, 12 F.4th 366, 370–71 (3d Cir. 2021); Byrd v. Shannon, 715 F.3d 117, 124 (3d Cir. 2013).

Not every complaint of inadequate prison medical care rises to the level of deliberate indifference. Where a prisoner is receiving some amount of medical treatment, we presume that the treatment is adequate absent evidence that it violates professional standards of care. Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990). Even if the care is inadequate, mere medical negligence or malpractice is not enough to show deliberate indifference. Palakovic v. Wetzel, 854 F.3d 209, 227 (3d Cir. 2017), citing Estelle v. Gamble, 429 U.S. 97, 105–06 (1976). Rather, the prisoner must show that the prison officials intentionally delayed, denied, or interfered with needed medical care, or that they recklessly disregarded a substantial risk of serious harm. Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009); Estelle, 429 U.S. at 104–05. Examples include scenarios where (1) prison authorities deny reasonable requests for medical treatment, (2) knowledge of the need for medical care is accompanied by the intentional refusal to provide it, (3) necessary medical treatment is delayed for non-medical reasons, and (4) prison authorities prevent an inmate from receiving recommended treatment for serious medical needs. Pearson, 850 F.3d at 538.

Here, Anderson alleges that prison officials failed to treat his serious medical needs, particularly his heart issues, for a six-year period from 2012 to May 2018.[3] But he has not plausibly alleged facts that meet the deliberate-indifference standard.

---

[3] In evaluating Anderson's complaint, the District Court held that Anderson's allegations about Defendants' acts or omissions occurring before February 28, 2018 were barred by the two-year statute of limitations for § 1983 claims arising in Pennsylvania. ECF No. 56 at 10–11. However, under the continuing violation doctrine, where a defendant's wrongful conduct is part of a continuing practice, the court can consider the entire

Anderson has failed to allege deliberate indifference by the unnamed doctors. Anderson argues in his brief that he is not complaining about the adequacy of his treatment by those doctors—he alleges that he was not being treated at all. CA3 Dkt. #8 at 1–3. If true, that could state a claim for deliberate indifference. See Pearson, 850 F.3d at 535 (finding a "critical distinction" between cases alleging inadequate medical treatment and those alleging a complete denial of care). But Anderson's own amended complaint alleges otherwise. There, he states that he was "diligent in going to sick call" and explaining his pains and medical problems to the prison doctors. ECF No. 25 at 13. He states that at these visits, the prison doctors "would make notes in the medical file, and do routine blood pressure checks, weigh me, etc." Id. at 14. And Anderson's exhibits mention other medical care, including a radiology report from January 2013 that examined his heart, along with statements by Defendant Price that Anderson had received an ultrasound of his abdomen in February 2018 and an echocardiogram in April 2018—a month before his hospitalization for heart failure that May. ECF No. 51-1 at 4 and 7. So Anderson's amended complaint does not support his assertion that he was not receiving any medical care, and the doctors are entitled to a presumption that the care they provided was proper. See Brown, 903 F.2d at 278.

---

course of conduct so long as part of it falls within the limitations period. See Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir. 2001). Assuming without deciding that the doctrine can apply to a continuing period of medical neglect, we will consider all of Anderson's factual allegations about the alleged period of neglect from 2012 through May 2018, the latter part of which falls within the limitations period.

Even if the doctors' failure to adequately diagnose or treat Anderson constituted negligence or even malpractice, Anderson has not plausibly alleged that the doctors acted with a culpable mental state. He alleges that the doctors were "more concerned with cost cutting than in their treatment of my medical problems." ECF No. 25 at 14. And he alleges that the January 2013 radiology report contains "false diagnostics" regarding the health of his heart. See ECF No. 51-1 at 4. But he does not allege any facts that plausibly support these assertions, making them merely speculative. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level"). Thus, Anderson has not adequately alleged deliberate indifference by the unnamed prison doctors.

Anderson's complaint against the prison health care administrators also fails to plausibly allege deliberate indifference. He states that after his 2018 hospitalization for heart failure, a prison nurse gave him some medical records from two of his 2012 medical consultations. ECF No. 49 at 4. Anderson alleges that these records should have put the prison health care administrators on notice that Anderson had serious medical needs that required care. Id. He alleges that although one of the records recommends that he have a follow-up consultation "ASAP," there was no such consultation and the records sat on the administrators' desks while his health deteriorated over the next six years. Id. at 3–4; see also ECF No. 51-1 at 5.

These allegations do not rise to the level of deliberate indifference. First, as described above, Anderson's claim that he received no follow-up treatment is undercut

7

by other allegations he makes in his complaint. Anderson says that he was "diligent" in going to the prison doctors, and where a prisoner is getting health care, prison officials may assume that the care is adequate unless they have reason to think otherwise. See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). Nor has he alleged facts suggesting that any failure to provide a follow-up consultation was the result of deliberate indifference rather than—at most—simple negligence.

Anderson also claims that Defendants Price and Showalter acted with indifference to his "medically prescribed care and treatment, prescribed by doctors." ECF No. 25 at 7 (Price) and 10 (Showalter). But the only prescribed care that Anderson alleges not to have received was a follow-up consultation "ASAP" after his health care consultation in 2012. Price was not yet employed at the prison at that time, so this allegation cannot apply to her. And even if Showalter should have arranged a follow-up consultation for Anderson, her failure to do so does not rise to deliberate indifference, because the records supplied by Anderson in support of a more definite statement of his claims indicate that Anderson's serious health needs identified during that 2012 consultation were being treated. See ECF No. 51-1 at 5. Thus, Anderson has not plausibly alleged deliberate indifference by defendants Price or Showalter.

Finally, Anderson does not plausibly allege deliberate indifference by the unnamed medical director. He claims that the medical director deliberately denied him "medications, tests, therapies, treatments," and other necessary medical care. ECF No. 25 at 11. Specifically, he alleges that he asked to see a specialist, and the medical director

8

determined that there was no need to involve a specialist. <u>Id.</u> at 8. But Anderson alleges no facts suggesting that the medical director's decision was based on anything but his professional judgment. So Anderson has failed to plausibly allege deliberate indifference by the unnamed medical director.

Therefore, the District Court's dismissal of Anderson's complaint for failure to state a claim was proper.[4]

## IV.

For these reasons, we will affirm the judgment of the District Court.

---

[4] Anderson's brief also takes issue with one of the District Court's reasons for denying him leave to amend: his failure to name the unnamed doctors and medical director. But even if that part of the District Court's reasoning is questionable, <u>see</u> <u>Alston v. Parker</u>, 363 F.3d 229, 233–34 & n.6 (3d Cir. 2004), it does not amount to an abuse of discretion because, as shown above, Anderson's amended complaint would not state a claim against these defendants even if he knew their names.